UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: COMMODITY EXCHANGE, INC., GOLD FUTURES
AND OPTIONS TRADING LITIGATION                                    MDL No. 2548


TRANSFER ORDER


     **Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in two actions (*Maher* and *Nalven*) pending in the Southern District of New York move for centralization of this litigation in that district. The litigation encompasses the eighteen actions listed on Schedule A, seventeen of which already are pending in the Southern District of New York.[1] All responding parties, both plaintiffs and defendants,[2] support centralization in that district.[3]

     On the basis of the papers filed and the hearing session held, we are persuaded that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual issues arising from largely similar allegations that the defendant banks conspired to manipulate the prices of gold and gold derivatives through their ownership and control of the London Gold Market Fixing Ltd. Centralization will eliminate duplicative discovery (which appears certain to be international in scope), prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

     After weighing all factors, we have selected the Southern District of New York as transferee district for this litigation. As mentioned, seventeen of the eighteen constituent actions already are pending in that district. According to the record, the domestic defendants all are located in that district. In addition, the COMEX, on which the allegedly manipulated gold futures and options contracts are traded, is located in New York City. Although the Honorable Valerie E. Caproni, to

---

    [*]    Judge Ellen Segal Huvelle took no part in the decision of this matter.

    [1]    The Panel has been informed of nine additional related federal actions, eight pending in the Southern District of New York and one pending in the District of New Jersey. Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

    [2]    Responding defendants are The Bank of Nova Scotia, Scotia Capital (USA), Inc., ScotiaMocatta, Barclays Bank PLC, Barclays Capital Inc., Deutsche Bank AG, Deutsche Bank Securities Inc., HSBC Holdings PLC, HSBC Bank PLC, HSBC Securities (USA) Inc., HSBC USA Inc., Société Générale S.A., and SG Americas Securities, LLC.

    [3]    Plaintiffs in the Northern District of California constituent action and the District of New Jersey potential tag-along action initially supported centralization in their respective districts, but later changed their positions to support centralization in the Southern District of New York.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY *Shante Jones*
Deputy Clerk

- 2 -

whom we assign this litigation, is a relatively recent appointee to the bench, her impressive résumé leaves us with no doubt that she is more than capable of handling this litigation. We have every confidence that she will steer the litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Valerie E. Caproni for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan          Sarah S. Vance
R. David Proctor

IN RE: COMMODITY EXCHANGE, INC., GOLD FUTURES
AND OPTIONS TRADING LITIGATION                    MDL No. 2548

## SCHEDULE A

### Northern District of California

YOUNG v. BANK OF NOVA SCOTIA, ET AL., C.A. No. 4:14-01669

### Southern District of New York

MAHER v. BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-01459
WHITE v. THE BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-01634
DENIGRIS v. BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-01638
AIS CAPITAL MANAGEMENT, L.P. v. BANK OF NOVA SCOTIA, ET AL.,
     C.A. No. 1:14-01642
NALVEN v. THE LONDON GOLD MARKET FIXING LTD., ET AL., C.A. No.
     1:14-01644
WHITE OAK FUND LP v. BARCLAYS BANK PLC, ET AL., C.A. No. 1:14-01701
NICHOLSON v. THE BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-01707
BARKER v. BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-01964
AMERICAN PRECIOUS METALS, LTD., ET AL. v. BANK OF NOVA
     SCOTIA, ET AL., C.A. No. 1:14-02102
TEEL v. BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-02108
DEPAOLI v. THE LONDON GOLD MARKET FIXING LTD., ET AL.,
     C.A. No. 1:14-02124
LAMBORN v. BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-02134
TRAN v. BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-02135
MORAN, ET AL. v. THE BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-02213
CITRA TRADING CORPORATION v. BANK OF NOVA SCOTIA, ET AL.,
     C.A. No. 1:14-02214
PORT 22, LLC v. BARCLAYS BANK PLC, ET AL., C.A. No. 1:14-02310
ALASKA ELECTRICAL PENSION FUND v. THE BANK OF NOVA
     SCOTIA, ET AL., C.A. No. 1:14-02391